(No. 3280— )

MARIE SMITH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1941.*

McMILLEN, McMILLEN & GARMAN, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For some months prior to November 4, 1937, claimant was employed by respondent as an attendant at the Elgin State Hospital, Elgin, Illinois. . During the time she was so employed she lived in the employees' hall and took her meals

in the employees' dining room, both located on the hospital grounds. On the last mentioned date, about 5:35 p. m., she went to the employees' dining room for her evening meal. After the meal she left the dining room by the regular exit on the east side of the building.

Immediately outside such exit is a platform which ordinarily is lighted by an electric light. On the evening in question, however, no light was burning, and when claimant stepped outside she inadvertently stepped over the edge of the platform and fell to the ground. She was taken to the institution hospital, where a roentgenological examination revealed a comminuted fracture of the upper end of the right humerus involving the head and shaft, associated with displacement. On account of the severity of the fracture claimant was sent to the Illinois Research Hospital on November 6, 1937, where the fracture was reduced and a cast placed on the arm. On November 8, 1937, she returned to the Elgin State Hospital, where she remained until June 4, 1938.

During that period she received considerable physiotherapy and other treatments, and went to the Illinois Research Hospital for further examination and treatment about every two weeks. The cast was removed from the body and arm on March 11, 1938, and on June 30, 1938, claimant was re-examined by Dr. George A. Wiltrakis of the institution staff.

Claimant personally appeared before the court for examination. From the testimony in the record and the examination in open court, it appears that she has a limitation of abduction and extension of the right arm; some impairment of power of supination of right forearm; some limitation of power flexion of the right fingers and thumb, and a general diminished motor power of the right hand.

From a consideration of the evidence in the record we find as follows:

That on November 4, 1937, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on such date claimant sustained accidental injuries which arose out of and in the course of her employment; that notice of the accident was given to said respondent, and claim for compensation on account thereof was made within the time required by the provisions of such Act; that the earnings of the claimant during the year preceding the accident were Nine Hundred Sixty-eight Dol-

lars and Forty Cents ($968.40), and her average weekly wage was Eighteen Dollars and Sixty-two Cents ($18.62); that claimant at the time of the injury was fifty-six (56) years of age; that all necessary first aid, medical, surgical and hospital services were provided by the respondent; that claimant was temporarily totally disabled from the date of her injury as aforesaid to July 1, 1938, to wit, for a period of thirty-four (34) weeks; that she also suffered the permanent loss of fifty per cent (50%) of the use of her right arm; that the sum of Fifty-six Dollars and Fifty-six Cents ($56.56) has been paid by respondent to apply on the compensation due the claimant as aforesaid.

We further find that claimant is entitled to have and receive from the respondent the sum of Nine Dollars and Thirty-one Cents ($9.31) per week for thirty-four (34) weeks' temporary total disability, in accordance with the provisions of paragraph (b) of Section eight (8) of the Compensation Act, and the further sum of Nine Dollars and Thirty-one ($9.31) per week for a period of One Hundred Twelve and One-half (112½) weeks for the permanent loss of fifty per cent (50%) of the use of the right arm, in accordance with the provisions of paragraph E-13 of Section eight (8) of such Act, less the sum of Fifty-six Dollars and Fifty-six Cents ($56.56) heretofore paid by the respondent.

We further find that all of the compensation due to claimant as aforesaid has accrued at this time.

Award is therefore entered in favor of the claimant, Marie Smith, for the sum of Thirteen Hundred Seven Dollars and Thirty-five Cents ($1,307.35).

This award, being subject to the provisions of an Act entitled ''An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof'' (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled ''An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly,'' approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable

from the appropriation from the General Fund in the manner provided by the foregoing Acts.